IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

    Plaintiff,

v.

PORTLAND POLICE BUREAU;
REID KAKESAKO; and
CITY OF PORTLAND,

    Defendants.

Case No. 3:22-cv-00230-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil action *pro se*. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint.

## BACKGROUND

Plaintiff names as defendants the Portland Police Bureau, the City of Portland, and Portland Police Officer, Reid Kakesako. Plaintiff alleges he submitted a records request to the Portland Police Bureau and in response he received a letter instructing him to send a check or pay for the

1 - ORDER


requested record online. Plaintiff alleges the requirement that he pay for the records request constituted discrimination and violated his rights under the Freedom of Information Act and his due process rights. By way of remedy, plaintiff seeks money damages and the dismissal of pending criminal charges.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

The Freedom of Information Act ("FOIA") provides for the mandatory discovery of information held by federal agencies, unless the information is exempt from disclosure under specific provisions set forth in FOIA. NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 220-21 (1978); see also 5 U.S.C. § 554. However, FOIA applies only to federal agencies. 5 U.S.C.

§ 552; see also Armstrong v. Exec. Office of the President, 90 F.3d 553, 569 (D.C. Cir. 1996). Hence, because none of the defendants are a federal agency, plaintiff's FOIA claim must be dismissed.

Moreover, even if plaintiff made his records request under the Oregon Public Records Law, an alleged wrongful denial of such a request would not equate to a violation of his constitutional rights. See Houchins v. KQED, Inc., 534 U.S. 1, 15 (1978) ("[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control"); see also Garcia v. Perrault, Case No. 2:15-cv-00419-PK, 2018 WL 6817050, at *5 (D. Or. Sept. 26, 2018) (Oregon Public Records Law does not create a protected liberty or property interest triggering due process rights under the Fourteenth Amendment).

Finally, to state a discrimination claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must set forth facts which plausibly allege defendants intentionally discriminated against him based upon his membership in a protected class. Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). To state an equal protection claim under a "class of one" theory, a plaintiff must allege he was treated differently than similarly situated individuals and that there was not a rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). There are no allegations in the Complaint that plaintiff is being treated differently than anyone similarly situated to himself or that he is treated differently based on his membership in a protected class. Accordingly, plaintiff fails to state a claim for denial of equal protection upon which relief may be granted.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this action.

IT IS SO ORDERED.

DATED this   24th   day of February 2022.

                                              /s/ Jolie A. Russo
                                        Jolie A. Russo
                                        United States Magistrate Judge